**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                                    Civil No. 14-cv-275-LM
                                                          Opinion No. 2015 DNH 041
$9,451.00 U.S. Currency et al.


**O R D E R**


    This is a civil forfeiture action in rem, in which a 2012 Mercedes Benz GLK350 is a defendant.  The United States alleges that Alkis Nakos, Theodora Nakos's son, purchased the car with the proceeds of drug trafficking offenses.  Alkis Nakos is a defendant in a criminal matter pending before this court.  Before the court is Theodora Nakos's petition for immediate release of the car pending final disposition of this proceeding.

    A claimant is entitled to immediate release of seized property if she meets each of the five requirements enumerated in the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983(f)(1).  The claimant has the burden of setting forth the basis on which those requirements are met.  See CAFRA § 983(f)(3)(B); United States v. Undetermined Amount of U.S. Currency, 376 F.3d 260, 267 (4th Cir. 2004).  Here, the government disputes only two of the five requirements.  The subsections in dispute require that Ms. Nakos show, first, that the government's continued possession of the vehicle will cause

her "substantial hardship," see CAFRA § 983(f)(1)(C), and, second, that that the hardship outweighs the risk that "the property will be destroyed, damaged, lost, concealed, or transferred" if released to Ms. Nakos. See CAFRA § 983(f)(1)(D).

To satisfy the "substantial hardship" requirement in subsection C, a claimant must show more than that she will be inconvenienced by the government's possession of her property. See In re Moran, No. 09-cv-248-MMA (CAB), 2009 WL 650281, at *3 (S.D. Cal. Mar. 10, 2009) ("the hardship experienced must go beyond mere inconvenience"). Although the statute does not define "substantial hardship," it contains exemplars to guide the court. Hardship that qualifies as "substantial" is that which "prevent[s] the functioning of a business, prevent[s] an individual from working, or leav[es] an individual homeless." CAFRA § 983(f)(1)(C).

Here, Ms. Nakos alleges that she needs her car "to go about her daily life . . . [and for] transportation for bill payment, grocery shopping, or visits with friends and family." Doc. no. 57 ¶¶ 3, 8. Ms. Nakos does not assert that her income is dependent on her having a car; nor does she assert a lack of access to public transportation. Although Ms. Nakos will suffer inconveniences as a result of the government's continued possession of her car, this is insufficient. Ms. Nakos has not

2

shown that the government's continued possession of her car will cause a substantial hardship as contemplated by the statute. As such, she has failed to meet the requirement of subsection C.

Additionally, with respect to the balancing test in subsection D, Ms. Nakos has not shown that the minimal hardship to her outweighs the risk to the government that the car would not be available at trial. See United States v. 2005 Mercedes Benz E500, 847 F. Supp. 2d 1211, 1217 (E.D. Cal. 2012) ("the fact that automobiles are transitory in nature poses a real risk to the United States that the [car] would not be available at trial").

For these reasons, Ms. Nakos has failed to show that she is entitled to release of the car, pending the final disposition of this proceeding. Accordingly, her petition for immediate release of seized property (doc. no. 57) is DENIED.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 3, 2015

cc:  James D. Gleason, Esq.
     Robert J. Rabuck, Esq.

3